1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   JOHNNY FLETCHER, JR., | No.  1:22-cv-00111-BAK-SKO (HC) |
| 12           Petitioner, | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE** |
| 13   v. | |
| 14   WARDEN, USP ATWATER, | **FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER, GRANT RESPONDENT'S MOTION TO DISMISS PETITION, AND DISMISS PETITION** |
| 15           Respondent. | |
| 16 | |
| 17 | **[TWENTY-ONE DAY DEADLINE]** |
| 18 | |

19          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2241.  Petitioner filed the instant petition on January 26, 2022, along with

21   a motion for temporary restraining order. (Docs. 1, 2.)  On March 1, 2022, Respondent filed a

22   motion to dismiss the petition. (Doc. 10.)  On March 18, 2022, Petitioner filed a reply to the

23   motion. (Doc. 11.) Petitioner also filed a motion for hearing on April 21, 2022. (Doc. 11.)   Upon

24   review of the pleadings, the Court finds that Petitioner fails to establish grounds for habeas corpus

25   relief, and that the proper avenue for his complaints is a <u>Bivens</u> action pursuant to <u>Bivens v. Six</u>

26   <u>Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Accordingly, the

27   Court will recommend that Respondent's motion to dismiss the petition be GRANTED and the

28   petition be DISMISSED without prejudice to filing a <u>Bivens</u> action.

1

1    **DISCUSSION**.

2         In this action, Petitioner complains he is at risk of contracting COVID-19.  He claims that

3    such risk of exposure constitutes cruel and unusual punishment in violation of the Constitution.

4    Petitioner requests he be released from custody in light of the pandemic.  He claims he is at risk

5    of imminent and irreparable harm if he is not released immediately.  His motion for injunctive

6    relief also requests the same.  Petitioner is challenging the conditions of his confinement.

7         As correctly argued by Respondent, the proper avenue for relief for a prisoner seeking to

8    challenge the conditions of confinement is a civil rights action, not a habeas corpus proceeding.

9    See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971);

10   Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition

11   challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is

12   limited to attacks upon the legality or duration of confinement."); see, e.g., Blow v. Bureau of

13   Prisons, 2007 WL 2403561 at *1 (E.D.Cal. Aug. 20, 2007) (habeas relief under § 2241 does not

14   extend to petitioner's request for access to law library because it concerns conditions of his

15   confinement); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds*

16   *by* Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners . . . who raise constitutional

17   challenges to other prison decisions-including transfers to administrative segregation, exclusion

18   from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed

19   under Section 1983 or Bivens.").  Accordingly, Petitioner is not entitled to habeas corpus relief

20   under § 2241 and this action should be dismissed without prejudice to his filing a Bivens civil

21   rights action.

22        In Nettles v. Grounds, the Ninth Circuit held that a district court has the discretion to

23   construe a habeas petition by a state prisoner as a civil rights action under § 1983.  Nettles v.

24   Grounds, 830 F.3d 922, 936 (9th Cir. 2016).  Recharacterization is appropriate only if it is

25   "amenable to conversion on its face, meaning that it names the correct defendants and seeks the

26   correct relief," and only after the petitioner is warned of the consequences of conversion and is

27   provided an opportunity to withdraw or amend the petition.  Id.  However, the Ninth Circuit

28   ruling in Nettles concerned state prisoners and was not extended to federal prisoners.  Even

2

1  assuming <u>Nettles</u> can be extended to federal prisoners, the Court does not find recharacterization

2  to be appropriate because the instant petition is not amenable to conversion on its face.

3  Accordingly, the Court should not exercise its discretion to recharacterize the action.  The Court

4  will recommend that the Clerk of Court provide blank forms for filing a <u>Bivens</u> action.

5                                        **ORDER**

6       IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge

7  to this case.

8                                  **RECOMMENDATION**

9       Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be

10  GRANTED, Petitioner's motion for injunctive relief be DENIED, the Petition for Writ of Habeas

11  Corpus be DISMISSED without prejudice to Petitioner commencing a <u>Bivens</u> action, and the

12  Clerk of Court be DIRECTED to provide Petitioner with blank forms for filing a <u>Bivens</u> action.

13       This Findings and Recommendations is submitted to the United States District Court

14  Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

15  of the Local Rules of Practice for the United States District Court, Eastern District of California.

16  Within twenty-one (21) days after being served with a copy of this Findings and

17  Recommendations, any party may file written objections with the Court.  Such a document should

18  be captioned "Objections to Magistrate Judge's Findings and Recommendations.  Replies to

19  objections shall be filed within ten (10) court days of the date of service of the objections. The

20  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

21  parties are advised that failure to file objections within the specified time may waive the right to

22  appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23

24  IT IS SO ORDERED.

25  Dated:   **September 26, 2022**               _/s/ Sheila K. Oberto_

26                                        UNITED STATES MAGISTRATE JUDGE

27

28